# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD THOMAS,<br><br>       Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No.: 18-CV-0700 W (JLB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [DOC. 2] AND REFERRING TO MAGISTRATE FOR REPORT & RECOMMENDATION** |

  Plaintiff Harold Thomas filed this action on April 9, 2018, seeking review of the denial of his application for disability insurance benefits and supplemental security income under the Social Security Act. (*Compl.* [Doc. 1].) He thereafter filed the pending motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (*Pl.'s Mot.* [Doc. 2].)

  The Court decides the matter on the papers submitted. For the reasons outlined below, the Court **GRANTS** the IFP motion. [Doc. 2.]

//

1

# I. LEGAL STANDARD

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." Id. at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). "[T]he greater power to waive all fees includes the lesser power to set partial fees." Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995).

The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (initially permitting Plaintiff to proceed in forma pauperis but later requiring him to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) ("[P]laintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action . . . ."). Permission to proceed IFP is

1 | "a matter of privilege and not right[,]" Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984), and " 'in forma pauperis status may be acquired and lost during the course of litigation.' " Baize v. Lloyd, 2014 WL 6090324, at *1 (S.D. Cal. Nov. 13, 2014) (quoting Wilson v. Dir. of Div. of Adult Insts., 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009)).

**II. DISCUSSION**

Thomas has satisfied his burden of demonstrating that he is entitled to IFP status. According to his declaration, he receives $1000/month from employment and $150/month from child support. (*Pl.'s Mot.* [Doc. 3] 1–2.) He declares no income from a spouse. (*Id.*) His monthly expenses total $770 ($150/month for food, and $20/month for laundry and dry cleaning, $300/month for his car, and $300/month for his credit card). (*Id.* [Doc. 3] 4–5.) He has $60 in his bank account. (*Id.* [Doc. 3] 2.) He declares that he is homeless, and that he supports his seven-month-old son. (*Id.* [Doc. 3] 3, 5.)

The filing fee for an ordinary civil action is $400. Based on the foregoing, Thomas has demonstrated that he lacks the means to pay the filing fee without sacrificing the necessities of life. See Adkins, 335 U.S. at 339–40. Accordingly, Thomas demonstrates entitlement to IFP status. See 28 U.S.C. § 1915.

//
//
//
//
//
//
//
//

### III. CONCLUSION & ORDER

For the reasons addressed above, the Court **GRANTS** Plaintiff's motion to proceed IFP. [Doc. 2.] In light of the Court's ruling on the IFP motion, the Court orders as follows:

1. The United States Marshal shall serve a copy of the Complaint filed on April 9, 2018 and an accompanying summons upon Defendants as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.
2. Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

Additionally, the Court hereby **REFERS** all matters arising in this case to United States Magistrate Judge Jill L. Burkhardt for a Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c)(1)(c ).

If the parties seek to file motions, they shall contact the chambers of Judge Burkhardt to secure scheduling, filing, and hearing dates. All motion(s) for summary judgment must be filed and served no later than **120 days** after the Government files its answer.

**IT IS SO ORDERED.**

Dated: April 11, 2018

Hon. Thomas J. Whelan
United States District Judge