UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD T.,<br><br>                              Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br><br>                             Defendant. | Case No.: 18-cv-00700-W-JLB<br><br>**REPORT AND RECOMMENDATION**<br><br>**[ECF Nos. 15, 16]** |

This matter is before the Court on cross-motions for summary judgment. (ECF Nos. 15, 16.) Plaintiff Harold T. moves under 42 U.S.C. § 405(g)[1] for judicial review of the Commissioner of Social Security Nancy A. Berryhill's ("Commissioner") final decision denying his application for Supplemental Security Income ("SSI").

This Report and Recommendation is submitted to United States District Judge Thomas J. Whelan pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. After a careful review of the moving and opposing papers, the administrative record, and the applicable law, the

---

[1] "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . brought in the district court of the United States . . . . The court shall have the power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).

Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (ECF No. 15) be **DENIED** and Commissioner's Cross-Motion for Summary Judgment (ECF No. 16) be **GRANTED**.

## I. PROCEDURAL BACKGROUND

On July 25, 2014, Plaintiff filed an application for SSI under Title XVI of the Social Security Act alleging disability beginning February 13, 2013. (ECF No. 13-5 at 12.) Plaintiff's application was denied by initial determination on December 12, 2014. (ECF No. 13-4 at 4.) Plaintiff requested reconsideration of the initial determination on February 9, 2015. (*Id.* at 10.) Plaintiff's application was denied upon reconsideration on April 6, 2015. (ECF No. 13-3 at 44–45.) On June 8, 2015, Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (ECF No. 13-4 at 19.) ALJ Mark B. Greenberg ("the ALJ") was appointed to preside over the matter (*id.* at 37, 41), and on November 22, 2016, the ALJ conducted the hearing (ECF No. 13-2 at 73). On January 12, 2017, the ALJ issued an unfavorable decision and found Plaintiff not disabled within the meaning of the Social Security Act. (*Id.* at 30.)

On February 9, 2018, the Social Security Administration Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 2.) Plaintiff then timely commenced this instant action for judicial review. (ECF No. 1.)

## II. SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 25, 2014, the date of Plaintiff's application for SSI. (ECF No. 13-2 at 21.)

At step two, the ALJ found that Plaintiff had the following severe impairments: chronic ischemic heart disease; obstructive sleep apnea; gastro-esophageal reflux disease; affective disorder; anxiety disorder; personality disorder; and psychotic disorder. (*Id.*)

///

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (*Id.*) Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR § 416.967(a), with no climbing, no work at unprotected heights, no fast[-]paced work, **limited to nonpublic work with occasional[,] superficial interaction with coworkers or supervisors**, and simple routine tasks, in a habituated setting." (*Id.* at 23 (emphasis added).)

At step four, the ALJ compared the RFC assessed to the demands of Plaintiff's past, relevant work as a lube technician. (*Id.* at 29.) The ALJ concluded that the demands of Plaintiff's past work exceeded the RFC, and therefore, Plaintiff was unable to perform past work. (*Id.*)

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC to determine whether Plaintiff was able to perform any other work. The ALJ classified Plaintiff as a younger individual with limited education for whom transferability of skills was immaterial. (*Id.*) Based on Vocational Expert ("VE") Victoria Rei's testimony at the hearing that a hypothetical person with Plaintiff's vocational profile could perform the requirements of occupations that existed in significant numbers in the national economy (*i.e.*, table worker, surveillance monitor, and bench hand assembler), the ALJ found that Plaintiff was not disabled. (*Id.* at 29–30.)

### III. STANDARD OF REVIEW

The Social Security Act allows for unsuccessful applicants to seek judicial review of the Commissioner's final agency decision. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review, however, is limited. The Commissioner's final decision should not be disturbed unless: (1) the ALJ's findings are based on legal error; or (2) the ALJ's determinations are not supported by substantial evidence in the record as a whole. *See Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000). Substantial evidence is "more than a mere scintilla, but may be less than a preponderance." *Lewis v.*

*Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). Substantial evidence is "relevant evidence that, considering the entire record, a reasonable person might accept as adequate to support a conclusion." *Id.*; *Howard* ex rel. *Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003).

In making this determination, the Court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). Where the evidence can reasonably be construed to support more than one rational interpretation, the Court must uphold the ALJ's decision. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. *See Lewis*, 236 F.3d at 509.

## IV. <u>PLAINTIFF'S CLAIMS OF ERROR</u>

In his motion, Plaintiff argues that the ALJ erred in step five of the sequential evaluation process. Plaintiff "stipulates that the ALJ fairly summarized the medical evidence and reasonably synthesized the [RFC]." (ECF No. 15-1 at 4.) However, Plaintiff argues that the RFC limitation of nonpublic work with occasional, superficial interaction with coworkers or supervisors meant that he was incapable of accepting instructions and responding appropriately to criticism from supervisors, which alone warranted a finding of disability under Social Security Ruling ("SSR") 85-15. (*See id.* at 5–6.)

Citing to SSR 85-15, Plaintiff states that "a finding of disability would be appropriate" where a claimant's "mental impairment . . . causes a substantial loss in the ability to respond appropriately to supervision, coworkers, and usual work situations." (*Id.* at 5 (quoting SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985).) Plaintiff also cites to the Program Operations Manual System ("POMS") for authority that the Commissioner considers "the ability to accept instructions and respond appropriately to criticism from supervisors a mental ability critical for performing unskilled work." (*Id.* (citing POMS DI 25020.010 ¶ B.3.k.).) Plaintiff contends that SSR 85-15 and POMS "stand for the same proposition: an inability to accept instructions and respond appropriately to criticism from

4

supervisors creates a situation where '[a] finding of disability would be appropriate.'" (*Id.* at 6 (quoting SSR 85-15, 1985 WL 56857, at *4).)

Plaintiff construes the limitation found by the ALJ (nonpublic work with occasional, superficial interaction with coworkers or supervisors) to implicitly and necessarily include the limitation that Plaintiff is unable to accept instructions and respond appropriately to criticism from supervisors. (*See id.* at 5–7.) As so construed, Plaintiff asserts that a conflict existed between the VE's testimony that a hypothetical person with a limitation of nonpublic work with occasional, superficial interaction with coworkers or supervisors could perform unskilled jobs, on one hand, and the Dictionary of Occupational Titles ("DOT"), on the other, because an ability to accept instructions and respond appropriately to criticism is necessary for performing all unskilled jobs. Thus, it is Plaintiff's position that the RFC limitation of nonpublic work with occasional, superficial interaction with coworkers or supervisors warranted a finding a disability under agency policy.

Additionally, Plaintiff contends that because the ALJ did not find him disabled pursuant to SSR 85-15, the ALJ "had a legal obligation . . . to explain why 'no fast paced work' or 'occasional superficial interaction with supervisors' [did] not necessarily exclude responding appropriately to criticism from supervisors." (*Id.* at 6.) Plaintiff states that "[t]he ALJ cannot accept testimony from an expert that is inconsistent with agency policy." (*Id.* at 8.) In other words, Plaintiff argues that the ALJ had a duty to obtain a reasonable explanation for the apparent conflict between the VE's testimony and the DOT. (*See id.* 6–8.)

In her cross-motion, Commissioner argues that there was no apparent conflict between the VE's testimony, which included the RFC limitation at issue, and the DOT. (ECF No. 16-1 at 6.) Commissioner states that, "[a]s a basic logical matter, if a limitation to 'occasional superficial interaction with supervisors' necessarily excluded responding appropriately to criticism, the [VE] would have simply stated that [Plaintiff] was not employable." (*Id.* at 5.) Commissioner further argues that "[h]ad the ALJ actually found that Plaintiff was unable to appropriately respond to criticism, he could have simply

5

included such a limitation in the RFC finding." (*Id.*) Commissioner contends that "[t]here is simply nothing to support Plaintiff's [equation] of these two distinct limitations, nor any basis for sustaining Plaintiff's argument that any [apparent] conflict exist[ed]." (*Id.*)

Commissioner also argues that the ALJ properly relied on the VE's testimony to conclude that Plaintiff was capable of performing work consistent with the RFC, and therefore, was not disabled. (*Id.* at 4.) In his hypothetical to the VE, "[t]he ALJ explicitly limited Plaintiff to 'no more than occasional superficial interaction with coworkers or supervisors,' and the VE confirmed that her testimony was consistent with the DOT." (*Id.*) Thus, Commissioner contends that "[b]ecause the ALJ presented a complete hypothetical question [to the VE] including all of Plaintiff's limitations, he properly relied on the [VE] to conclude that Plaintiff remained capable of performing work in the national economy." (*Id.*)

For the reasons discussed below, the Court agrees with Commissioner that no apparent conflict existed between the VE's testimony and the DOT. Additionally, the Court finds that the ALJ did not err in relying on "unexplained" VE testimony, as there was no apparent conflict.

### V. DISCUSSION

**A. Apparent Conflict**

As stated above, the Court views Plaintiff's contentions as an argument that an apparent conflict existed between the VE's testimony that a hypothetical person with a limitation of nonpublic work with occasional, superficial interaction with coworkers or supervisors could perform unskilled jobs and the DOT because an ability to accept instructions and respond appropriately to criticism is necessary for performing all unskilled jobs. SSR 85-15 defines the mental capabilities required for unskilled work, which includes the ability to "respond appropriately to supervision, coworkers, and usual work situations." 1985 WL 56857, at *4. The ruling further provides that benefits may be awarded where a claimant suffers from a substantial loss of various work-related abilities, including the ability to respond appropriately to supervision. *Id.* Plaintiff's argument is

based on the premise that an RFC limitation of occasional, superficial interaction with coworkers or supervisors is equivalent to an inability to accept instructions or respond appropriately to criticism, thus warranting a finding of disability under SSR 85-15.[2] Plaintiff cites to *Walsh v. Comm'r of Soc. Sec. Admin.*, No. CV-15-02466-PHX-GMS, 2017 WL 1130366 (D. Ariz. Mar. 27, 2017) in support of this proposition, but *Walsh*, in fact, undermines Plaintiff's argument.

In *Walsh*, the ALJ determined that the plaintiff had an RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to work that is simple, routine and repetitive in task, with only occasional and routine change in the work environment. She should not have any in[-]person public interaction, **but can have superficial interaction with co-workers and minimal interaction with supervisors**. However, she can still be in [the] vicinity of others.

2017 WL 1130366, at *1. The plaintiff in *Walsh* argued, *inter alia*, that the ALJ's RFC limitation to "superficial interaction with co-workers and minimal interaction with supervisors" mandated a finding of disability under SSR 85-15. *Id.* at *2. However, the *Walsh* court found that this limitation "[did] not necessarily constitute a 'substantial loss of ability' to 'respond appropriately to supervision, coworkers, and usual work situations' so as to necessitate a finding of disability under SSR 85-15." *Id.* at *3. The *Walsh* court opined that "the most natural reading of the ALJ's RFC [was] that [the plaintiff] retain[ed] the ability to respond appropriately in interactions with co-workers and supervisors, so long as those interactions [we]re . . . superficial and minimal." *Id.* In support of its conclusion,

---

[2] As previously mentioned, Plaintiff also cites to POMS for authority that the Commissioner considers "the ability to accept instructions and respond appropriately to criticism from supervisors a mental ability critical for performing unskilled work." (ECF No. 15-1 at 5 (citing POMS DI 25020.010 ¶ B.3.k.).) Although the POMS section cited by Plaintiff describes the ability to accept instructions and respond appropriately to criticism as a mental ability critical for performing unskilled work, "POMS constitutes an agency interpretation that does not impose judicially enforceable duties on either this [C]ourt or the ALJ." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010).

the *Walsh* court relied upon the VE's testimony that "a hypothetical individual with the limitations identified in the RFC could perform" several jobs in the national economy. *Id.*

Additionally, a court in this District has disagreed with an almost identical equivalency argument to the one Plaintiff makes here. In *Blackmon v. Berryhill*, the plaintiff similarly argued that the ALJ's limitation[3] to "no more than occasional, superficial interaction with co-workers and supervisors" meant that the plaintiff "was incapable of accepting instructions and responding appropriately to criticism from supervisors and therefore warranted a finding of disability" under SSR 85-15 "or an explanation by the ALJ why the limitation . . . did not necessarily exclude responding appropriately to criticism from supervisors." 17-cv-01669-BAS (RNB), 2018 WL 2717769, at *4 (S.D. Cal. June 5, 2018). However, the *Blackmon* court, citing to *Walsh*, did not agree with the plaintiff's argument and held that a limitation to "occasional, superficial interaction with coworkers and supervisors" did not necessarily equate to a "substantial loss of ability to respond appropriately to supervision, co-workers, and usual work situations as to warrant a finding of disability under SSR 85-15." *See id.* at *4. The "most natural reading" of a limitation to "occasional, superficial interaction with coworkers and supervisors," the *Blackmon* court found, was that the plaintiff "retain[ed] the ability to respond appropriately in interactions with co-workers and supervisors, so long as those interactions [we]re . . . occasional and brief." *Id.*

Here, the Court is likewise unpersuaded by an argument that a limitation to occasional, superficial interaction with coworkers and supervisors necessarily includes the inability to accept instructions or respond appropriately to criticism and finds the reasoning in both *Walsh* and *Blackmon* persuasive. Plaintiff does not dispute the accuracy of the ALJ's RFC determination. (*See* ECF No. 15-1 at 4.) Plaintiff instead, as Commissioner

---

[3] The limitation to "no more than occasional, superficial interaction with co-workers and supervisors" was not contained in the RFC itself but in a footnote in the ALJ's decision. *See Blackmon*, 2018 WL 2717769, at *2.

8

argues, "unreasonably attempts to manufacture[] a conflict between the DOT and the RFC by imparting a limitation on accepting criticism that no one has found." (ECF No. 16-1 at 6.) As Commissioner highlights, if a limitation to occasional, superficial interaction with supervisors necessarily excluded responding appropriately to supervisors or criticism, the VE would have found Plaintiff unemployable. (*Id.* at 5.)

Because the RFC limitation found by the ALJ is not equivalent to a finding that Plaintiff cannot accept instructions or respond appropriately to supervisors or criticism, no apparent conflict existed between the VE's testimony and the DOT.

## B. Duty to Investigate and Resolve Apparent Conflict

Plaintiff also argues that the ALJ "had a legal obligation under the regulations . . . to explain why 'no fast[-]paced work' or 'occasional[,] superficial interaction with supervisors' [did] not necessarily exclude responding appropriately to criticism from supervisors," and the ALJ "erred in relying on unexplained [VE] testimony." (ECF No. 15-1 at 6, 8.) Plaintiff seems to argue that the ALJ failed to resolve what in Plaintiff's view was an apparent conflict between the VE's testimony and the DOT. Plaintiff cites to SSR 00-4p for support. (*Id.* at 6.)

The Social Security regulations impose several duties on an ALJ when relating VE testimony to the DOT. First, the ALJ bears "an affirmative responsibility to ask about any possible conflict between [VE testimony] and information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). An ALJ may not rely on VE testimony regarding the requirements of a particular job without first asking the VE whether her testimony conflicts with the DOT, and if so, the reasons therefor. *Massachi v. Astrue*, 486 F.3d 1149, 1152–53 (9th Cir. 2007). However, an ALJ's failure to inquire whether the VE's testimony conflicted with the DOT can be deemed harmless error where there is no apparent conflict or the VE provides sufficient support to justify deviation from the DOT. *Id.* at 1154 n.19.

Second, "[w]hen there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an

9

18-cv-00700-W-JLB

occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin v Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) (citing *Massachi*, 486 F.3d at 1153–54). If the ALJ fails to obtain an explanation for and resolve an apparent conflict, even where the VE did not identify the conflict, the ALJ errs. *Sanchez v. Berryhill*, Case No. ED CV 16–1621–SP, 2017 WL 5508515, at *7 (C.D. Cal. Nov. 16, 2017) ("[W]here the ALJ does inquire but the VE wrongly testifies that there is no conflict when in fact the VE's testimony appears to conflict with the DOT, the 'ALJ must obtain "a reasonable explanation for the apparent conflict."'" (quoting *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008))); *McCullough v. Colvin*, Case No. 2:15-cv-5505-BRO (GJS), 2016 WL 1239209, at *2 (C.D. Cal. Mar. 29, 2016) ("And even if the [VE] says that her testimony is consistent with the DOT, the ALJ has an independent duty to determine whether the record reveals a conflict.").

Third, the ALJ must "explain in the determination or decision how he or she resolved the conflict." SSR 00-4p, 2000 WL 1898704, at *4. "The ALJ's failure to resolve an apparent inconsistency may leave [the court] with a gap in the record that precludes [it] from determining whether the ALJ's decision is supported by substantial evidence." *Zavalin*, 778 F.3d at 846.

During the hearing, the ALJ asked the VE whether work was available for a hypothetical individual with Plaintiff's vocational profile, including a limitation of "occasional[,] superficial interaction with coworkers or supervisors." (ECF No. 13-2 at 94.) The VE testified and concluded that a hypothetical individual with Plaintiff's RFC could work, for example, as a table worker, surveillance monitor, and bench hand assembler. (*Id.* at 94–95.) She further testified and confirmed that the requirements of a surveillance monitor "fit the hypo for nonpublic, occasional superficial interaction with others." (*Id.* at 96.)

The ALJ then asked the VE if her testimony was consistent with the DOT. (*Id.* at 98.) The VE explained that, except for her testimony related to alternating between sitting and standing, for which she relied on experience, her testimony was consistent with the

DOT. (*Id.*) In his decision, the ALJ independently "determined that the [VE]'s testimony [was] consistent with the information contained in the [DOT]," pursuant to his obligations under SSR 00-4p. (*Id.* at 30.)

The Court disagrees with Plaintiff's argument that the ALJ had "a legal obligation under the regulations . . . to explain why 'no fast paced work' or 'occasional superficial interaction with supervisors' [did] not necessarily exclude responding appropriately to criticism from supervisors." (ECF No. 15-1 at 6.) At the hearing, the VE testified that a hypothetical individual with Plaintiff's RFC could perform jobs in significant numbers in the national economy. The ALJ then properly inquired whether the VE's testimony was consistent with the DOT, as required by SSR 00-4p. The ALJ's decision further states that he determined that the VE's testimony was consistent with the DOT. SSR 00-4p requires only that the ALJ investigate and resolve apparent conflicts between the VE's testimony and the DOT. *See* 2000 WL 1898704, at *2–4. As the Court has determined that no apparent conflict existed here, the ALJ did not have any obligation to further explain his reliance on the VE's testimony.

## C. Conclusion

The Court finds that SSR 85-15 did not warrant a finding of disability based on Plaintiff's RFC limitation to nonpublic work with occasional, superficial interaction with coworkers and supervisors. Further, the ALJ did not err in relying on the VE's testimony that a hypothetical person with Plaintiff's vocational profile could perform the requirements of occupations that existed in significant numbers in the national economy.

## VI. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** the following:

(1) Plaintiff's Motion for Summary Judgment (ECF No. 15) be **DENIED**; and

(2) Commissioner's Cross-Motion for Summary Judgment (ECF No. 16) be **GRANTED**.

///

///

11

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **August 1, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 15, 2019**. The parties are advised that a failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: July 18, 2019

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge